250 F.2d 391
 Frances CARDINALE, Ann F. Cardinale, Horace A. Cardinale and
Frank J. Cardinale, Minors, by Frances Cardinale,
Their Guardian Ad Litem, Appellants,
v.
UNION OIL COMPANY, a Corporation, Appellee.
 No. 15492.
 United States Court of Appeals Ninth Circuit.
 Dec. 4, 1957.
 
 Morgan & Beauzay, Luther Clark, San Jose, Cal., Morton L. Silvers, San Francisco, Cal., for appellants.
 Frederic G. Nave, Boyd & Taylor, San Francisco, Cal., for appellee.
 Before DENMAN, BARNES and HAMLEY, Circuit Judges.
 DENMAN, Circuit Judge.
 
 
 1
 Mrs. Cardinale appeals from an order made and entered on December 18, 1956 denying her motion to make a matter of record a verbal order setting aside the findings of fact and decree denying her claim under 46 U.S.C.A. 740[1] for damages for appelleehs negligent conduct in supplying fuel two her husband's fishing boat, making it a dangerous vessel the explosion on which caused his death.
 
 
 2
 The decree on her libel adverse to her was made and entered on January 30, 1956, D.C., 136 F.Supp. 487. Appellant on March 14, 1956 made a verbal motion to set aside the decree for a reconsideration of the findings. The Clerk's transcript of this transaction reads as follows:
 
 
 3
 'The Clerk. Cardinale v. Union Oil Company, settlement of findings.
 
 
 4
 'Mr. Morgan. May it please the Court, I wish to thank the Court for giving us this time to argue the matter. With the importance of the matter it takes some time to actually argue the matter before the Court. Mr. Silvers called to my attention that by inadvertence, although the Court had signed orders extending our time within which to file objections and exceptions through the date that we filed them, that is, February 29th, by inadvertence the findings had been signed and judgment[2] entered and in order to make this a proper proceeding I move the Court to set aside the findings of fact and judgment[2] so tphat we may object to them.
 
 
 5
 'The Court. No objection (?)
 
 
 6
 'Mr. Taylor. No, no objection, Your Honor.
 
 
 7
 'The Court. So ordered.'
 
 
 8
 With regard to such a verbal order it is the law in the Northern District of California that appellant, the prevailing party in this motion, within five days of its making 'shall' prepare a draft of the order and present it with a copy for approval to the appellee, the defendant in the court below. This is required by Rule 21 of the General Rules of the District Court of the Northern District of California effective April 1, 1955, before the libel was filed, which are applicable in admiralty where not inconsistent with any admiralty rule.
 
 
 9
 'General Rules
 
 
 10
 'These Rules supplement the Federal Rules of Civil and Criminal Procedure, and are applicable in all proceedings (civil, admiralty, bankruptcy and criminal) when not inconsistent with any Bankruptcy or Admiralty Rule.' West's Ann.Code.
 
 
 11
 The Federal Rules of Civil Procedure, 28 U.S.C.A., do not apply in Admiralty, rule 81 so stating, hence rule 58 concerning the entry 'forthwith' of civil judgments and rule 79(a) for a civil docket have no applicability in this case.
 
 
 12
 Rule 21 of the District Court, so far as pertinent, provides for all classes of litigation, including admiralty, as follows:
 
 
 13
 'Rule 21
 
 
 14
 'Settlement of Orders, Judgments and Findings. Whenever the Court makes any order * * * in open Court * * * the prevailing party shall, within five days, prepare a draft of the order * * * and present it, with a copy for approval to every party. Each party shall immediately endorse on the original his approval or disapproval of the form. The prevailing party shall then lodge the original with the Clerk.
 
 
 15
 'If the prevailing party fails to prepare a draft of the order * * * within five days of the Court's decision, any party may do so.'
 
 
 16
 It will be noted that the mandatory 'shall' applies to the plaintiff-appellant while the optional 'may' to the defendant-appellee.
 
 
 17
 This general rule so made applicable in admiralty is not inconsistent with the Admiralty Rules of the Supreme Court nor with the Admiralty Rules of the District Court. There is no Admiralty Rule of the Supreme Court requiring the entry of an order of the court, much less a verbal order which is not followed by a written order.
 
 
 18
 Since it is required of appellant that she 'shall' prepare such an order and she has not done so in a period of over nine months it is apparent that the court was justified in denying her motion for a nunc pro tunc order to enter the verbal order. Since her counsel is charged with knowledge of the rules of the court in which he is practicing, the claim that she waited the nine months for the Clerk to enter the order, is confession of an inexcusable delay.
 
 
 19
 Even if we regard it as a discretionary matter, the failure of appellant to perform her mandatory duty regarding the verbal order and her long delay in making her motion warranted the Court's exercise of its discretion in favor of the appellee.
 
 
 20
 Quite likely when this matter is brought to that district court's attention it will clear the record and set aside the verbal order.
 
 
 21
 The order appealed from is affirmed.
 
 
 
 [1]
 '740. The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land. * * *'
 
 
 [2]
 Repeatedly we find the decree in this admiralty proceeding called a judgment